**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DYLON GREG HENRY,** | : | |
| Petitioner | : | CIVIL ACTION NO. 3:15-0948 |
| v. | : | |
| **WARDEN,** | : | (JUDGE MANNION) |
| Respondent | : | |

## MEMORANDUM

Pending before the court is the report of Magistrate Judge Susan E. Schwab, which recommends that the instant action be dismissed without prejudice. (Doc. 14). Upon review of the record, Judge Schwab's report will be adopted and the instant petition dismissed without prejudice.

By way of relevant background, on May 14, 2015, the petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. (Doc. 1). The matter was assigned to the undersigned and referred to Judge Schwab for a report and recommendation.

After having been directed to either pay the proper filing fee for proceeding with his action or submit a motion for leave to proceed *in forma pauperis*, (Doc. 3, Doc. 7), on July 17, 2015, the petitioner filed a motion for leave to proceed *in forma pauperis*. (Doc. 8). By order dated July 20, 2015, Judge Schwab granted the petitioner's motion for leave to proceed *in forma pauperis*. (Doc. 9). At the same time, Judge Schwab gave the petitioner the notice required pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000),

and provided the petitioner with an election form to complete and return advising the court as to how he wished to proceed with his action. The petitioner filed his election form on September 3, 2015, advising the court that he wished to proceed with his §2254 petition, as filed. (Doc. 11).

Because the petitioner had failed to utilize the standard form mandated by the Local Rules of Court and did not include in his filing all of the information required to be provided by the standard form, by order dated September 4, 2015, Judge Schwab directed the Clerk of Court to forward to the petitioner the standard form for filing a §2254 petition. (Doc. 12). The petitioner was directed to complete and return the form on or before October 2, 2015. The petitioner did not complete and return the form as directed but, instead, on October 22, 2015 filed a document titled "Additional Facts," in which he complains about the conditions of his confinement. (Doc. 13).[1]

On October 27, 2015, Judge Schwab issued the report now before the court wherein she recommends that the instant petition be dismissed without prejudice. Specifically, Judge Schwab notes that the petitioner failed to follow her directive to complete and return the standard form for filing a habeas petition. In doing so, the petitioner has not provided the court with information relating to his exhaustion of state court remedies and, therefore, has not

---

[1] As indicated by Judge Schwab, challenges to the conditions of confinement are brought by way of a civil rights action, not a habeas corpus petition. (Doc. 14, p. 2, n.1)

shown that he has exhausted those remedies, as is required of habeas corpus petitioners. See 28 U.S.C. §§2254 (b), (c). Without sufficient information for the court to determine whether the petitioner has exhausted his state court remedies as to the claims which he now attempts to raise, Judge Schwab recommends that the petition be dismissed without prejudice.

Along with Judge Schwab's report, the petitioner was given notice of his right to file objections to the report. The petitioner filed no substantive objections with the court but, instead, filed a letter with the court on November 17, 2015 arguing that he is poor and illiterate and so his petition should not be dismissed. (Doc. 16). He followed this letter with a document filed on December 1, 2015, in which he argues that a witness committed perjury during his preliminary hearing. (Doc. 17).

For those sections of a report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee notes; see also Univac Dental Co. v. Dentsply Intern., Inc., 702 F.Supp.2d 465, 469 (M.D.Pa. 2010) (citing Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987) (explaining judges should give some review to every report and recommendation)). Nevertheless, whether timely objections are made or not, the district court may accept, not accept, or modify, in whole or in part, the

3

findings or recommendations made by the magistrate judge. 28 U.S.C. §636(b)(1); Local Rule 72.31.

Here, the petitioner has made no substantive objections. Although it is clear from his filings that the petitioner understands the reason why it is being recommended that his action be dismissed, (i.e., that he has not utilized the standard form for habeas petitioners on which petitioners are required to provide information relating to exhaustion of state court remedies), the petitioner has still failed to complete and return the standard form, or even to provide information relating to his exhaustion of state court remedies. In fact, the court has reviewed the state court docket in the petitioner's criminal case, Commonwealth of Pa. v. Henry, Court of Common Pleas of Adams County, Criminal Docket No. CP-01-CR-0001174-2014, which reflects that the petitioner has not yet exhausted his state court remedies. To this extent, after his conviction, on April 14, 2014, the petitioner filed a post-conviction petition challenging his conviction. The petitioner was appointed counsel and an amended post-conviction petition was filed on August 7, 2015. A hearing was held on the amended post-conviction petition on September 24, 2015, after which the petition was denied. The petitioner filed an appeal of the denial in the Pennsylvania Superior Court on October 9, 2015. A statement of reasons in support of the appeal pursuant to Pa. R. App. P. 1925(b) was filed on November 5, 2015, and is the last filing in the action. As the petitioner has not

completed his appeal of his post-conviction petition challenging his conviction, it is clear that he has not yet exhausted his state court remedies. As such, the instant petition will be dismissed without prejudice.

An appropriate order shall issue.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date:  December 8, 2015**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2015 MEMORANDA\15-0948-01.wpd